

**LOS ANGELES**
10100 SANTA MONICA BLVD. 13TH FL.
LOS ANGELES, CALIFORNIA 90067-4003
310.277.6910

**NEW YORK**
780 THIRD AVENUE, 34TH FL.
NEW YORK, NEW YORK 10017-2024
212.561.7700

**WILMINGTON**
919 NORTH MARKET STREET, 17TH FLOOR,
P.O. BOX 8705
WILMINGTON, DELAWARE 19899-8705
302.652.4100

**HOUSTON**
700 LOUISIANA STREET, STE. 4500
HOUSTON, TEXAS 77002
713.691.9385

**SAN FRANCISCO**
ONE SANSOME STREET, 34TH FL. STE. 3430
SAN FRANCISCO, CALIFORNIA 94104
415.263.7000

John A. Morris   March 31, 2025   212.561.7760
jmorris@pszjlaw.com

<u>Via E-mail</u>

Lyle M. Cayce
Clerk of Court
U.S. Court of Appeals for the
Fifth Circuit
600 S. Maestri Place
New Orleans, LA 70130

    Re:    <u>***Charitable DAF Fund, L.P., et al. v. Highland Capital Management, L.P. (In re Highland Capital Management, L.P.)*, No. 24-10880</u>

Dear Mr. Cayce:

*Highland Capital Management Fund Advisors, L.P. v. Highland Capital Management, L.P.*, No. 23-10534 (5th Cir. Mar. 18, 2025) ("*Highland II*"), has no bearing on this case.[1]

Highland Capital Management, L.P. ("HCMLP") is the only remaining defendant in the underlying action[2] and is the debtor in the underlying bankruptcy case. As the debtor, HCMLP is protected by the "gatekeeper" and exculpation provisions of HCMLP's confirmed Plan. While *Highland II* limited the application of the Plan's "gatekeeper" provision in certain respects, it did not disturb those provisions ***as applied to HCMLP*** in any way.[3]

---

[1] The mandate in *Highland II* has not issued.

[2] The Complaint named two other defendants. One, Highland CLO Funding, Ltd., was dismissed with prejudice on December 7, 2021 (Bankr. Case No. 19-34054 (Bankr. N.D. Tex.), Adv. Pro. No. 21-03067-sgj, Docket No. 80). The other, Highland HCF Advisors, Ltd., was never served with the Summons and Complaint.

[3] The "contempt order" Appellants reference is a red herring; the contempt order implicated a different "gatekeeper" provision, one which this Court observed is valid, final, and not subject to collateral attack. *NexPoint Advisors, L.P. v. Highland Cap. Mgmt., L.P.*, 28 F.4th 419, 438 n.15 (5th Cir. 2022) ("*Highland I*").

4937-7790-3151.6 36027.003



Lyle M. Cayce
March 31, 2025
Page 2

While the gatekeeper indisputably protects HCMLP, it was never used to bar Appellants from amending their complaint.[4] Appellants were denied leave to replead for myriad reasons—none of which concerned a gatekeeper.

Finally, the gatekeeper was never used to bar Appellants from asserting negligence or gross negligence claims. Instead, amendment to assert such claims was deemed futile because of (a) the *exculpation* provisions in the Plan affirmed in *Highland I*, (b) *CLO Holdco, Ltd. v. Kirschner (In re Highland Cap. Mgmt., L.P.)*, 102 F.4th 286 (5th Cir. 2024), and (c) the reasons set forth by the Bankruptcy and District Courts—none of which concerned a gatekeeper.

Sincerely,

*/s/ John A. Morris*

John A. Morris

---

[4] In fact, the District Court denied Appellants' "formal motion" to amend ***without prejudice***. 3:21-cv-00842-B (N.D. Tex. 2021), Docket No. 8.

4937-7790-3151.6 36027.003